86 P.3d 151 (2004)
151 Wash.2d 171
THURSTON COUNTY, a Washington State municipal corporation, by the BOARD OF COUNTY COMMISSIONERS, consisting of Diane Oberquell, Robert Macleod and Cathy Wolfe, Appellants,
v.
CITY OF OLYMPIA and City of Tumwater, municipal corporations and political subdivision of the State of Washington, Respondents.
No. 73758-4.
Supreme Court of Washington, En Banc.
Argued February 10, 2004.
Decided March 18, 2004.
*152 Elizabeth Petrich, Olympia, for appellants.
Law Lyman Daniel Kamerrer & Bogdanovich, William Kamerrer, Olympia City Attorney's Office, Bob Sterbank, Asst., Olympia, Christy A. Todd, Tumwater, for respondents.
James Kendrick Pharris, Jeffery Todd Even, Olympia, for Amicus Curiae (Atty. Gen., of Wash.)
Sophia Rose Byrd, Wash. State Ass'n of Counties, Olympia, for Amicus Curiae (Wash. State Ass'n of Counties).
JOHNSON, J.
This case involves a proposal to relocate certain functions of county government outside of a county seat. Specifically, we are asked to determine whether Thurston County may locate its planned new justice center in the city of Tumwater to house its superior and district courts, a new jail, and certain offices of county government. The trial court held that the county could not legally move its courts and other law and justice facilities outside the county seat of Olympia. We affirm the trial court.

FACTUAL AND PROCEDURAL HISTORY
In 1861, Olympia was chosen by the voters as the county seat of Thurston County. Clerk's Papers (CP) at 96. The current Thurston County courthouse was built in 1977, within the same boundaries of Olympia as they existed in 1861. CP at 107. In 2002, the county proposed to build a regional justice center in the city of Tumwater to house the superior and district courts, a new jail, and certain offices of county government.[1] CP at 103-04.
In November 2002, the county filed a complaint for declaratory judgment in Thurston County Superior Court seeking a determination that a new justice center could be located one-half mile outside the current boundaries of Olympia in the city of Tumwater.[2] CP at 3. The cities of Olympia and Tumwater were named as respondents.
In March 2003, the parties filed cross-motions for summary judgment. CP at 18-20. The trial judge found for the cities and against the county, CP at 143-45, holding that the county could not legally move its courts and other offices of county government from Olympia to Tumwater. The county then filed a notice of appeal to this court. We accepted direct review on the basis that this case involves an issue of broad public import requiring prompt and ultimate determination. RAP 4.2(a)(4).
The issue we are asked to resolve is whether Thurston County may lawfully relocate its superior and district courts, as well as certain county offices, outside the county seat of Olympia to the city of Tumwater.

ANALYSIS
The location of county offices and courts in Washington is governed by various statutes. *153 See infra p. 153. Under these statutes, county offices and facilities are required to be maintained at the county seat. Here, the county seeks to move the offices of the county clerk, prosecutor, assigned counsel, and coroner from the county seat in Olympia to a new justice center in Tumwater.[3] The county also seeks to house a new county jail, as well as its superior and district courts at the justice center. The applicable statutory authority is as follows:
RCW 36.23.080: "The office of the clerk of the superior court shall be kept at the county seat ...."
RCW 36.27.070: "The prosecuting attorney of each county in the state of Washington must keep an office at the county seat ...."
RCW 70.48.180: "Counties may acquire, build, operate, and maintain holding, detention, special detention, and correctional facilities ... at any place designated by the county legislative authority within the territorial limits of the county."
RCW 2.08.030: "The superior courts ... shall hold their sessions at the county seats of the several counties, respectively, and at such other places within the county as are designated by the judge or judges thereof with the approval of the chief justice of the supreme court of this state and of the governing body of the county."
CR 77(f): Sessions. "The superior court shall hold regular and special sessions at the county seats of the several counties at such times as the judges may determine and at such other places within the county as are designated by the judge or judges thereof with the approval of the chief justice of the supreme court of this state and of the governing body of the county."
(Emphasis added.)
This case is one of statutory interpretation. The interpretation of statutes presents questions of law. State ex rel. Humiston v. Meyers, 61 Wash.2d 772, 777, 380 P.2d 735 (1963). When interpreting a statute, we first look to the ordinary meaning of the words used by the legislature. We will adopt the interpretation of statutes which best advances the legislative purpose and avoids unlikely, absurd, or strained consequences. State v. Fjermestad, 114 Wash.2d 828, 835, 791 P.2d 897 (1990).
The question presented in this case centers on the meaning of the word "at" as used in various statutes requiring that the location of certain county offices and facilities be located "at the county seat."
The county urges us to adopt the meaning of the word "at" as "near" or "in close proximity to" the county seat of Olympia. The county primarily relies on an attorney general opinion (1987 Op. Att'y Gen. No. 24), and case authority from other jurisdictions to support its position. See Murdoch v. Klamath County Court, 62 Or. 483, 126 P. 6 (1912); Fayette County Bd. of Educ. v. Tompkins, 212 Ky. 751, 280 S.W. 114 (1926); Jordan v. Bd. of Supervisors of Tulare County, 99 Cal.App.2d 356, 221 P.2d 977 (1950); Ventura Realty Co. v. Robinson, 10 Cal.App.3d 628, 89 Cal.Rptr. 117 (1970). Recognizing the limited case law interpreting the word "at," the attorney general opinion (AGO) concluded that "at" as used in article III, section 24 of the Washington State Constitution means "in, within, near, or in close proximity." 1987 Op. Att'y Gen. No. 24, at 9. Article III, section 24 specifies that the required location of offices for certain state officials must be maintained "at the seat of government."[4] Under the AGO, then, the location of offices for certain state officials could be maintained "in, within, near, or in close proximity" to the seat of government in Olympia. Notwithstanding, the AGO concluded that the Washington State Constitution required all state executive offices to be maintained "at" the seat of government, not "near" or "in close proximity" to the seat of *154 government in Olympia[5] because "[w]hat constitutes `near or in close proximity' is not a matter than can be precisely defined." 1987 Op. Att'y Gen. No. 24, at 9.
Although not controlling, attorney general opinions are entitled to great weight. Kasper v. Edmonds, 69 Wash.2d 799, 805, 420 P.2d 346 (1966). A 1974 attorney general letter opinion (AGLO) is particularly instructive here. The AGLO reviewed the statutes[6] involved in this case to determine whether county commissioners could locate a courthouse outside a county seat and concluded that it was not "legally permissible... in constructing and maintaining a courthouse... to locate that facility outside of the territorial limits of the city which has been designated as the county seat." 1974 Letter Op. Att'y Gen. No. 36, at 3. Again, though not controlling, the AGLO supports a narrower interpretation of the statutory language than urged by the county.
While none of our prior cases have resolved the precise question presented here, our decision in State ex rel. Lemon v. Langlie, 45 Wash.2d 82, 273 P.2d 464 (1954), lends additional support for a narrower construction of the word "at." In Langlie, 45 Wash.2d at 97-99, 273 P.2d 464, we determined that certain state officials must maintain their principal offices "at Olympia," the seat of government for the State of Washington. In analyzing article III, section 24, we used the phrases "at the seat of government" and "at Olympia" interchangeably with the phrases "in Olympia" and "in the state capital." Langlie, 45 Wash.2d at 95, 273 P.2d 464. The language in Langlie does not support the county's argument that "at" should be interpreted to mean that the offices in question could be located "near" or "in close proximity" to Olympia. Rather, the analysis in Langlie supports a narrower reading of "at" as used in the statutory provisions relating to county seats to mean "in" or "within" the county seat of Olympia.
The Langlie decision further undercuts the county's reliance on authority from other jurisdictions which have adopted a broader definition of the word "at" in reference to a county seat. While these cases support the county's argument, they are inconsistent with our approach in Langlie and, we conclude, inconsistent with the statutory authority at issue in this case.
Finally, if we adopted a broad approach urged by the county that "at the county seat" meant somewhere "near" the county seat, we would be faced with the additional challenge of determining how close is close enough. The county currently seeks to move certain functions of county government one-half mile outside the county seat of Olympia to Tumwater. If the proposed location were 1 mile, 5 miles, or even 10 miles outside the county seat, no standard of closeness would exist that could be used as a measure to determine what is "near" a county seat. Our inquiry is simplified by the fact that, if we adopted the county's argument, the proposed location places certain functions of county government in an entirely separate city than the county seat. "At the county seat" means "at Olympia," not some other city "near Olympia."
We avoid these problems by adopting a narrow definition of the word "at" to mean "in" or "within" the county seat of Olympia. The word "at" can be only as broad as its necessary object. Where the object is an identifiable place, it alone defines the place to which the preposition applies. The county seat of Olympia is a definite and identifiable place. Moreover, while the word "at" can be used to mean "near," it frequently means "in." Thus, the word "[at] should be interpreted both with reference to its context where used and with reference to the object sought to be attained." Mitchell v. Blue Star Min. Co., 98 Wash. 191, 194, 167 P. 130 (1917). Here, the relevant statutory authority requiring certain offices and facilities of *155 county government to be located "at the county seat," means "in" or "within" the county seat of Olympia.
This conclusion is consistent with the purpose behind the enactment of the statutes requiring that certain offices and facilities of county government be located "at the county seat." These statutes exist because the legislature wanted to provide a central, convenient location for county business, which is readily known and available to all inhabitants of the county. This purpose is best served by providing a principal location where county government functions. Here, that purpose is achieved by requiring that certain county offices and facilities maintain their respective functions within the current boundaries of Olympia.
The decision of the trial court is affirmed.
WE CONCUR: ALEXANDER, C.J., MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, OWENS and FAIRHURST, JJ.
NOTES
[1] The center would provide offices for the county clerk, prosecutor, assigned counsel, and personnel of the sheriff's office.
[2] The stipulated facts show that a need for a new justice center is driven by growth and consequent overcrowding of current courthouse facilities. The proposed justice center would consolidate the criminal justice functions of the county into one facility and provide enough space to accommodate the county's need for a new jail. CP at 95-106.
[3] Washington provides no statutory authority for the location of offices for assigned counsel or the county coroner.
[4] No comparable provision exists in the Washington State Constitution for the location of offices for county officials. Instead, the location of county offices is governed by various statutes. See supra p. 153. In the absence of constitutional direction as to where certain county offices and facilities must be maintained, the meaning of the word "at" must be ascertained in this context.
[5] The AGO based its conclusion on this court's ruling in State ex rel. Lemon v. Langlie, 45 Wash.2d 82, 98-99, 273 P.2d 464 (1954) (holding that certain state officers were required to return their principal offices of government to the seat of government in Olympia).
[6] Some of the statutes under review included: RCW 2.08.030 (addressing the times and places in which superior courts are to hold sessions); RCW 36.27.070 (dealing with the office of the prosecuting attorney); and RCW 36.23.080 (dealing with the office of the county clerk).