[No. 58706-0. En Banc. May 21, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. TROY DEAN SPEAKS, *Petitioner.*

*Robert M. Quillian* and *Thomas E. Doyle,* for petitioner.

*Gary P. Burleson, Prosecuting Attorney,* and *Victoria Meadows, Deputy,* for respondent.

ANDERSEN, J. —
## FACTS OF CASE

This case concerns whether or not credit should be allowed for time served before sentence by an accused in electronically monitored home detention. We conclude that the sentencing scheme established by the Legislature in the Sentencing Reform Act of 1981 (SRA) contemplates that such credit should be given. We reverse the trial court and the Court of Appeals and remand the case to the trial court for resentencing.

On April 12, 1989, the defendant, Troy Dean Speaks, was arraigned on a charge of child molestation in the first degree. Defense counsel requested that the defendant be released pending trial; the prosecuting attorney suggested that he be placed "under house arrest" in the home of his mother while awaiting trial. The trial judge ordered that he be confined to his mother's residence by electronic monitor except when he was at work. The defendant was also ordered to wear an electronic monitor on his ankle and to be at work or at his mother's residence at all times and to travel directly from one to the other. Upon defense counsel's request, the defendant was further allowed to go directly to and from office appointments with his lawyer and counselor.

Defendant pleaded guilty to the crime charged and on September 18, 1989 was sentenced to an exceptional sentence of 40 months in prison. He does not challenge his sentence. The defendant did, however, request credit for the 157 days he had spent on electronic home monitoring from the date of his arraignment to the date of his sentencing. The trial court denied his motion in that regard explaining that it was not the policy of the court to grant credit for presentence time served on home detention with electronic monitoring.

Defendant appealed the trial court's decision to deny credit and the Court of Appeals affirmed.[1] The defendant then sought review in this court and we granted it.

One issue is here presented for determination.

## ISSUE

When the defendant in a criminal case is by court order placed in electronically monitored home detention pending trial, is the defendant entitled to credit for that time against the sentence ultimately imposed?

## DECISION

CONCLUSION. Sentencing courts are required to give offenders credit for presentence confinement time served on electronically monitored home detention.

Under both federal case law and the case law of this state, presentence detention time is required to be credited against the sentence ultimately imposed.[2] Even without statutory authority for the allowance of such credit, it is constitutionally mandated.[3] Credit is not, however, constitutionally mandated for nondetention probation time.[4]

---

[1]*State v. Speaks*, 63 Wn. App. 5, 816 P.2d 95 (1991), *review granted*, 118 Wn.2d 1008 (1992).

[2]*E.g., Reanier v. Smith*, 83 Wn.2d 342, 517 P.2d 949 (1974); *In re Phelan*, 97 Wn.2d 590, 647 P.2d 1026 (1982); *Stapf v. United States*, 367 F.2d 326 (D.C. Cir. 1966).

[3]*Reanier*, 83 Wn.2d at 347. *In re Knapp*, 102 Wn.2d 466, 469, 687 P.2d 1145 (1984).

[4]*Phelan*, 97 Wn.2d at 592, 598.

In the case before us, the Court of Appeals held that denial of credit for time served by an accused on home detention does not violate due process, equal protection or double jeopardy. As that court reasoned, home detention is more analogous to probation time than to jail time and therefore the constitution does not require that such detention be credited against the sentence ultimately imposed.

■ While the Court of Appeals conclusion that presentence home detention is not *constitutionally* mandated may well be correct,[5] we deem it unnecessary to reach that issue in this case since state statutes resolve the question. If it is not necessary to reach a constitutional question, it is well established policy that we should decline to do so.[6]

The Sentencing Reform Act of 1981, RCW 9.94A, clearly answers the issue presented. It provides:

> The sentencing court shall give the offender credit for all *confinement time* served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced.

(Italics ours.) Former RCW 9.94A.120(13).

The definition section of that chapter, former RCW 9.94A-.030, includes the following definitions:

> (7) *"Confinement"* means total or *partial confinement* as defined in this section.
>
> . . .
>
> (19) "Offender" means a person who has committed a felony established by state law . . . Throughout this chapter, *the terms "offender" and "defendant" are used interchangeably.*

---

[5]*See, e.g.,* Annot., *Defendant's Right to Credit for Time Spent in Halfway House, Rehabilitation Center, or Similar Restrictive Environment as a Condition of Pretrial Release,* 29 A.L.R.4th 240 (1984); Annot., *Defendant's Right to Credit for Time Spent in Halfway House, Rehabilitation Center, or Other Restrictive Environment as Condition of Probation,* 24 A.L.R.4th 789 (1983); *Pennington v. State,* 398 So. 2d 815 (Fla. 1981); *People v. Whiteside,* 437 Mich. 188, 468 N.W.2d 504, *cert. denied,* ___ U.S. ___, 116 L. Ed. 2d 204, 112 S. Ct. 249 (1991); *United States v. Woods,* 888 F.2d 653, 655 (10th Cir. 1989) (and cases cited therein), *cert. denied,* 494 U.S. 1006, 108 L. Ed. 2d 478, 110 S. Ct. 1301 (1990); *United States v. Zackular,* 945 F.2d 423 (1st Cir. 1991); *People v. Reinertson,* 178 Cal. App. 3d 320, 223 Cal. Rptr. 670 (1986); *State v. Pettis,* 149 Wis. 2d 207, 441 N.W.2d 247 (Ct. App.), *review dismissed,* 439 N.W.2d 144 (1989); *People v. Ramos,* 138 Ill. 2d 152, 561 N.E.2d 643 (1990).

[6]*E.g., State v. Hall,* 95 Wn.2d 536, 539, 627 P.2d 101 (1981).

(20) "Partial confinement" means confinement for no more than one year in a facility or institution operated or utilized under contract by the state or any other unit of government, or, if home detention has been ordered by the court, in the residence of either the defendant or a member of the defendant's immediate family, for a substantial portion of each day with the balance of the day spent in the community. *Partial confinement includes* work release and *home detention as defined in this section.*

. . .

(31) *"Home detention" means a program of partial confinement available to offenders wherein the offender is confined in a private residence subject to electronic surveillance.* Home detention may not be imposed for offenders convicted of a violent offense, any sex offense, . . .[7]

(Italics ours.)

In the present case, the defendant was released on condition that he "be confined to his mother's residence by electronic monitor . . . except for those hours in which he is employed at his current job." This presentence restraint parallels the definition of "home detention" defined in the SRA just quoted.

■ The State argues that since home detention would not have been a sentencing option for the court after the defendant's conviction for child molestation, he should not be afforded credit against his sentence for time served in home detention before conviction. The appropriateness of a type of postconviction confinement for a given crime is a different issue, however, than whether the statute affords credit for a type of presentence restraint. While it is true that in this case, home detention would not have been a postconviction sentencing option,[8] the foregoing statute nonetheless clearly provides for credit against a sentence for time served in presentence "partial confinement", including home detention.

---

[7]At the time Speaks was ordered to serve home detention, the provisions of current RCW 9.94A.030(36) were codified at RCW 9.94A.030(31).

[8]Former RCW 9.94A.030(31).

If the language of a statute is unambiguous, the meaning must be derived solely from the language of the statute.[9] Statutory language clear on its face does not require or permit judicial interpretation.[10]

Since the legislatively enacted SRA provides for credit for "all" confinement, and since confinement includes partial confinement, and partial confinement includes home detention, it is evident that the Legislature intended to afford a defendant credit for time served on home detention prior to sentencing.

As we have said many times and in many contexts, it is not the function of the judiciary to question the wisdom of legislation; unless a statute has some constitutional impediment, we will not inquire into the policies underlying a clear statutory enactment.[11]

Based on the foregoing, we conclude that the SRA affords sentence credit for time spent in electronically monitored presentence home detention.

The Superior Court and the Court of Appeals are reversed; the case is remanded to the Superior Court for recomputation of defendant's sentence in accordance herewith.

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DUR-HAM, SMITH, GUY, and JOHNSON, JJ., concur.

---

[9]*Cherry v. Municipality of Metro Seattle*, 116 Wn.2d 794, 799, 808 P.2d 746 (1991).

[10]*State v. Keeney*, 112 Wn.2d 140, 142, 769 P.2d 295 (1989).

[11]*Treffry v. Taylor*, 67 Wn.2d 487, 494, 408 P.2d 269 (1965), *appeal dismissed*, 385 U.S. 10, 17 L. Ed. 2d 10, 87 S. Ct. 70 (1966); *Petstel, Inc. v. County of King*, 77 Wn.2d 144, 151, 459 P.2d 937 (1969).