[No. 42026-7-I. Division One. March 29, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. LAWRENCE
RODMAN, *Petitioner.*

*James E. Koenig* and *Robert E. Petersen* of *Associated Counsel for the Accused*, for petitioner.

*Norm Maleng, Prosecuting Attorney*, and *Brenda K. Pahmeier* and *Deanna J. Fuller, Deputies*, for respondent.

BECKER, J. — Lawrence Rodman, despite a no-contact order issued at his arraignment on domestic violence charges, made telephone contact with the victim from jail. Charged with violating the order, Rodman argued that under RCW 10.99.040, the violation of a no-contact order is not a crime unless the violator has been released from custody. The district court agreed with Rodman's interpretation of the statute and dismissed the charges. On RALJ appeal, the superior court reversed and reinstated the charges. We granted discretionary review and now affirm the superior court.

On October 27, 1996, the State arrested Lawrence Rodman and booked him into the King County Jail on charges relating to domestic violence. At his arraignment, Rodman pleaded not guilty. The court imposed a no-contact order under RCW 10.99.040 precluding any direct or indirect contact with the victim or her children. Rodman signed the no-contact order.

Rodman remained in jail. On November 8, 1996, he allegedly had telephone contact with the victim's daughter. And on December 22, while still in jail, he allegedly made a

collect call to the victim. In response to these two incidents, the State brought new charges against Rodman: two violations of a no-contact order, contrary to RCW 10.99.040.

RCW 10.99.040 provides for the duties of courts with regard to domestic violence actions. The first subsection of the statute directs courts to recognize actions arising from domestic violence. The second subsection authorizes a court to issue a no-contact order when a person charged with domestic violence is "released from custody before arraignment or trial on bail or personal recognizance." The third subsection directs the court to determine, at the time of arraignment, "whether a no-contact order shall be issued or extended," and then provides for the imposition of electronic monitoring as a condition of release. The fourth subsection criminalizes the willful violation of a court order issued under either the second or third subsection. The fifth subsection requires entry of the order into law enforcement information systems.

Because the court did not release Rodman from custody when it issued the no-contact order, the second subsection does not apply. The State's case against Rodman rests on the first sentence of subsection three: "At the time of arraignment the court shall determine whether a no-contact order shall be issued or extended." According to Rodman, subsection three does not cover his case either, because it is merely an extension of subsection two and therefore applies only when a person is released from custody. He argues that RCW 10.99.040 when read as a whole simply does not contemplate the enforcement of a no-contact order while a defendant is in custody.

 The issue presented is entirely an issue of law because it deals with the application of a statute to a specific set of facts, and review is therefore de novo.[1] A statute must be construed so that no word, clause, or

---

[1]*State v. Jackson*, 91 Wn. App. 488, 491, 957 P.2d 1270 (1998).

sentence is superfluous or insignificant.[2] When the language of a rule is clear, a court cannot construe it contrary to its plain statement.[3] The court must always strive to give effect to the intent of the Legislature.[4]

The two most pertinent subsections of RCW 10.99-.040 provide as follows:

(2) Because of the likelihood of repeated violence directed at those who have been victims of domestic violence in the past, when any person charged with or arrested for a crime involving domestic violence is released from custody before arraignment or trial on bail or personal recognizance, the court authorizing the release may prohibit that person from having any contact with the victim. The jurisdiction authorizing the release shall determine whether that person should be prohibited from having any contact with the victim. If there is no outstanding restraining or protective order prohibiting that person from having contact with the victim, the court authorizing release may issue, by telephone, a no-contact order prohibiting the person charged or arrested from having contact with the victim. In issuing the order, the court shall consider the provisions of RCW 9.41.800. The no-contact order shall also be issued in writing as soon as possible.

(3) At the time of arraignment the court shall determine whether a no-contact order shall be issued or extended. If a no-contact order is issued or extended, the court may also include in the conditions of release a requirement that the defendant submit to electronic monitoring. If electronic monitoring is ordered, the court shall specify who shall provide the monitoring services, and the terms under which the monitoring shall be performed. Upon conviction, the court may require as a condition of the sentence that the defendant reimburse the providing agency for the costs of the electronic monitoring.

A plain reading of RCW 10.99.040 shows that subsections two and three address different situations. Subsec-

[2]*State v. Thomas*, 121 Wn.2d 504, 512, 851 P.2d 673 (1993).

[3]*Id.*

[4]*State v. Parada*, 75 Wn. App. 224, 230, 877 P.2d 231 (1994).

tion two gives a court authority to impose a no-contact order when a defendant is "released from custody before arraignment or trial." In the first sentence of subsection three, there is no similar limitation to defendants who have been released from custody. Other subsections of the statute recognize that subsections two and three provide alternative grounds for the issuance and enforcement of a no-contact order.[5]

Rodman contends that the first sentence of subsection three must be construed as being limited to defendants who have been released from custody in order to be consistent with the remainder of subsection three. The remaining sentences detail the court's authority to order electronic monitoring as a condition of release. But the discussion of two distinct topics in the same paragraph does not make the paragraph logically inconsistent. There is no reason why a statute authorizing the issuance of a no-contact order at arraignment to a defendant accused of domestic violence may not, at the same time, provide for electronic monitoring for defendants who are released. Rodman's proposed construction would render the first sentence of subsection three superfluous or insignificant.

The district court identified subsection (4)(d) as its reason for deciding that RCW 10.99.040 penalizes only those who violate a no-contact order after being released from custody. RCW 10.99.040(4)(d) provides: "The written order releasing the person charged or arrested shall contain the court's directives" and mandates that the order bear a legend notifying the defendant that a violation of the order is a criminal offense. This provision can be read as creating an inconsistency with subsection three because a no-contact order issued at arraignment cannot also be a "written order releasing the person charged or arrested" if the defendant is held in jail as Rodman was. But the inconsistency, if

---

[5]RCW 10.99.040(4)(a) states, "Willful violation of a court order issued under subsection (2) *or* (3) of this section is a gross misdemeanor." (Emphasis added.) And RCW 10.99.040(5) provides, "Whenever an order prohibiting contact is issued, modified, or terminated under subsection (2) *or* (3) of this section, the clerk of the court shall forward a copy of the order." (Emphasis added.)

any, is with respect to notice requirements. It does not affect the grant of authority to issue the order or the penalties attached to a violation. Also, the no-contact order issued to Rodman at his arraignment did in fact bear the legend notifying him that a violation would be a criminal offense. Rodman thus is not in a position to complain that the order did not comply with the notice requirements of subsection (4)(d).

Giving effect to the first sentence of subsection three, also gives effect to the overall intent of chapter 10.99 RCW: "The purpose of this chapter is to recognize the importance of domestic violence as a serious crime against society and to assure the victim of domestic violence the maximum protection from abuse which the law and those who enforce the law can provide."[6] In view of the Legislature's desire to provide maximum protection against abuse, it is unlikely that the Legislature intended to make an exception for incarcerated defendants who contact victims over the telephone.

We hold that RCW 10.99.040(3) authorizes the issuance of an immediately enforceable no-contact order whether the defendant is in custody or not. The violation of that order is a crime.

The decision of the superior court is affirmed.

WEBSTER and ELLINGTON, JJ., concur.