[No. 23874-1-III.   Division Three.   November 10, 2005.]

THE STATE OF WASHINGTON, *Appellant*, v. JOHN LEVI SWIGER, *Respondent*.

*Steven J. Tucker, Prosecuting Attorney,* and *Kevin M. Korsmo, Deputy,* for appellant.

*Paul J. Wasson II,* for respondent.

¶1 SWEENEY, J. — A trial judge has authority to release a criminal defendant pending appeal of a conviction. RAP 7.2(f). John Levi Swiger was so released pending his appeal from a conviction for first degree assault. But he claimed later that the conditions of his release amounted to "confinement" and he should therefore be given credit for that time against his sentence. The State objected because the conditions were conditions of "release." And the court had no authority to impose "home detention," in any event, since Mr. Swiger's conviction was for a crime of violence. The court gave Mr. Swiger credit for the time he spent on release pending his appeal. We conclude that the State

timely and properly objected to the court's granting credit and we reverse the ruling granting credit for time out on bond pending appeal.

## FACTS

¶2  The State charged John Levi Swiger with first degree assault following his brutal beating of Jeffrey Feagan. Clerk's Papers (CP) at 4-5. A jury found him guilty. Mr. Swiger moved for a new trial. The court granted his motion and at the same time permitted him to be released on bond—$150,000 bond—pending the new trial. A jury again found Mr. Swiger guilty of first degree assault.

¶3  The court sentenced him to prison. Mr. Swiger appealed his conviction. And he also moved pursuant to RAP 7.2 for an order setting an appeal bond. RAP 7.2(f) authorizes the court to fix conditions of release subject to certain statutory restrictions. And RAP 7.2(h) allows the court to set the amount of a bond. The court entered what was styled an "Order of Release Pending Appeal" continuing a bond of $150,000. The appeal bond was satisfied by family property previously used for bond after the court granted a new trial. The court also set other conditions of his release.

¶4  The State objected to Mr. Swiger's release on a number of grounds contending that electronic monitoring (one of the proposed conditions of release) was "not available for crimes of violence." Report of Proceedings (RP) at 6. Mr. Swiger's lawyers viewed the request as a bid to avoid unnecessary jail time in the expectation, or hope, that Mr. Swiger's conviction would be overturned:

> Judge, the goal of an appeal bond is to allow the defendant to preserve the fruits of the appeal. I believe the Court's setting an appeal bond will allow that to be done. There was a $150,000 property bond that was posted earlier in this matter, when the conviction was vacated. That order has not been exonerated yet.

RP at 2. His counsel later added:

But I think what we think would be best, would be if he could be out pending an appeal.

RP at 7.

And I would hate to see Mr. Korsmo [Spokane County Deputy Prosecutor] get surprised again and Mr. Swiger spend another year or year and a half, in custody. Thank you.

RP at 9. The court's statements on the record also reflect its impression that Mr. Swiger would be "released," not in custody:

Ordinarily, after a conviction and a denial of a motion for new trial this Court does not release pending appeal.

RP at 12.

But before I would authorize the posting of a bond and his release upon the bond I feel that because of the serious nature of these kind of crimes, that there needs to be some monitoring of Mr. Swiger's activity so that we know he is not going into Chewelah or Springdale or he's not going into Colville, or back down to Spokane; that he is, in fact, working on the property. And doing what his conditions would say.

RP at 15-16.

¶5 The court granted Mr. Swiger's motion for release pending appeal by posting a bond and imposing other restrictive conditions.

¶6 We affirmed Mr. Swiger's conviction. And the Supreme Court denied his petition for review. The State moved to revoke Mr. Swiger's release and for an order that he report to jail. Mr. Swiger then moved for credit for time served while he was on release but subject to conditions. The court ordered Mr. Swiger to report to jail, but gave him credit for the time he was out on bond, subject to conditions while on appeal.

¶7 The State appeals that decision. The State anticipated the argument Mr. Swiger now makes on appeal. It argued that the court had no authority to impose "home

detention" because Mr. Swiger had been convicted of a violent crime. Former RCW 9.94A.185 (1995).

## DISCUSSION

RELEASE SUBJECT TO CONDITIONS VERSUS PARTIAL CONFINEMENT

¶8 The State contends that Mr. Swiger was not entitled to credit for time served because he was "released" pending appeal. The court required that he post a bond and meet certain conditions including global position monitoring to "release" him from custody. The order did not confine him to his home when he was not at work. And even if it did the State points out the court had no authority to order home detention conditions because Mr. Swiger had been convicted of a violent crime. Former RCW 9.94A.185.

¶9 Mr. Swiger responds that the trial court properly granted him credit for time served for several reasons. First, Mr. Swiger's release order provided for electronic home-detention-like conditions. And the State did not appeal that order. Second, the state Supreme Court in *State v. Anderson* held as a matter of constitutional equal protection that the defendants were entitled to credit for postconviction confinement as well as pretrial confinement. *State v. Anderson*, 132 Wn.2d 203, 937 P.2d 581 (1997).

■■ ¶10 We are called to again apply provisions of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, and also decide whether constitutional requirements for equal protection of law have been violated. Both questions are questions of law. And our review is therefore de novo. *State v. Manro*, 125 Wn. App. 165, 170, 104 P.3d 708 (2005), *review denied*, 155 Wn.2d 1010 (2005); *State v. Rodman*, 94 Wn. App. 930, 932-33, 973 P.2d 1095 (1999). Mr. Swiger committed his first degree assault on October 14, 1995. Accordingly, we apply the version of the SRA in effect at that time. RCW 9.94A.345.

¶11 The first question presented is whether Mr. Swiger's conditions of release amount to "confinement" in the form of "home detention" as defined in RCW 9.94A.030.

¶12 First, it is clear from this record that Mr. Swiger, through his counsel, was asking to be "released" pending appeal. RP at 2, 7, 9, 12, 15-16; CP at 46. There was no argument at the October 25, 2002 hearing by Mr. Swiger's lawyer that the conditions amounted to confinement and that he would not be "released" but rather would be "confined" to home detention. RP at 3-17. Nor did the trial judge in passing on this motion believe that he was "confining" Mr. Swiger. He was instead setting conditions of "release." RP at 2, 16. Only the State saw the potential problem and objected to Mr. Swiger's release based on the anticipated argument that the conditions of release amounted to confinement. And since Mr. Swiger's crime was a crime of violence he was not entitled to electronic monitoring. RP at 6. The record of the bond hearing is, however, devoid of any suggestion by Mr. Swiger, his counsel, or the court that he was being "confined in the form of home detention" rather than released on bond pending appeal.

¶13 That said, the conditions of Mr. Swiger's release satisfy the requirements of home detention. Former RCW 9-.94A.030(42) (1995).

¶14 Confinement includes both total and partial confinement. Former RCW 9.94A.030(8).

> "Partial confinement" means confinement for no more than one year in a facility or institution operated or utilized under contract by the state or any other unit of government, or, if home detention or work crew has been ordered by the court, in an approved residence, for a substantial portion of each day with the balance of the day spent in the community. Partial confinement includes work release, home detention, work crew, and a combination of work crew and home detention as defined in this section.

Former RCW 9.94A.030(26). "Partial confinement" includes "home detention." *Id.* "Home detention" is "a program of partial confinement available to offenders wherein the offender is confined in a private residence subject to electronic surveillance." Former RCW 9.94A.030(42). And an individual may be subject to "home detention" as a condi-

tion of release pending appeal even if the release order fails to state specific terms. *Anderson*, 132 Wn.2d at 205-08, 213. The conditions must fall within the statutory requirements for "home detention." *Id.*

¶15 Here, the court released Mr. Swiger from prison pending his appeal, subject to conditions. He wore a global positioning monitor. He had to reside at his home. He had to work at only one of five specified locations. He could "not go to . . . any other city or town without . . . permission." CP at 47. He could travel for work purposes. He had to travel the most direct route to and from the mill where he worked. He could stop for fuel and for no other reason. Mr. Swiger also had to pay the cost of monitoring, commit no violations of law, and possess and consume no alcohol or illegal drugs, and confirm this through random urine and blood tests. Mr. Swiger's release conditions then confined him to work and his home and satisfy the requirements of "partial confinement" necessary for "home detention." Former RCW 9-.94A.030(26). And these conditions satisfy the requirements of home detention. Former RCW 9.94A.030(42).

CREDIT FOR TIME SPENT WHILE RELEASED ON BOND

■ ■ ¶16 The next question is whether Mr. Swiger is entitled to credit for time served while he was subject to conditions of "home detention" if he was convicted of a crime that did not qualify by statute for home detention and the State timely objected.

¶17 The SRA allows an offender to obtain credit for time served during a period of confinement before sentencing. Former RCW 9.94A.120(15) (1995). A defendant is not, however, entitled to credit for time served after conviction if the offender has been released pending appeal. Former RCW 9.95.062(2) (1989); *Anderson*, 132 Wn.2d at 208. The holding in *Anderson* is essentially that there is no rational basis to distinguish between confinement a defendant serves pretrial as opposed to postconviction. And the defendant should therefore be given credit for confinement served whether pretrial or postconviction. *Anderson*, 132

Wn.2d at 212-13. The court in *Anderson* compared Anderson's conditions (postconviction) to the conditions imposed on the defendant in *State v. Speaks*[1] (pretrial conditions) and concluded that there was no constitutionally supportable, rational basis to distinguish between pretrial and postconviction confinement. *Anderson*, 132 Wn.2d at 212-13.

¶18 The distinguishing factor between the *Speaks* and *Anderson* cases and Mr. Swiger's case is the State's acquiescence in the pretrial (*Speaks* ) and postconviction (*Anderson* ) release and conditions. In *Speaks* it was "the prosecuting attorney [who] suggested that he [Speaks] be placed 'under house arrest' in the home of his mother while awaiting trial." *State v. Speaks*, 119 Wn.2d 204, 205, 829 P.2d 1096 (1992). In *Anderson*, again the State apparently acquiesced in the court's release of Mr. Anderson pending appeal:

> The State, citing RCW 9.94A.185, argues Defendant should not receive jail time credit for his home detention because electronic home detention is not statutorily authorized for persons convicted of violent offenses. *Despite this, the State apparently acquiesced in the trial court's releasing Defendant to home detention pending his appeal. Whether it was proper to place Defendant on home detention is an entirely separate issue not before this court.*

*Anderson*, 132 Wn.2d at 213 (emphasis added).

¶19 The State anticipated the potential problem that Mr. Swiger might someday ask for credit for the time he had spent while on release pending appeal and brought it to the court's attention. The State argued that the defendant was not entitled to electronic home monitoring (partial confinement) because this was a crime of violence. There is nowhere in that hearing where Mr. Swiger or his lawyers suggest to the court that his release would amount to confinement for which he would later be entitled to credit. In fact, Mr. Swiger's lawyer spoke with confidence about the

---

[1] *State v. Speaks*, 119 Wn.2d 204, 205, 829 P.2d 1096 (1992).

chances of prevailing on appeal. RP at 7-8. Mr. Swiger's convictions were ultimately affirmed. It was only then that Mr. Swiger asked for credit for the time he had spent while on release. The State, of course, objected. CP at 50.

¶20 Mr. Swiger argues nonetheless that the State waived its objections by failing to appeal the judge's order granting him release pending appeal. We disagree. At that time neither Mr. Swiger nor his lawyers nor, for that matter, the court suggested that Mr. Swiger was being "confined." In fact, quite the opposite, it was the intention of the court at the request of Mr. Swiger's lawyers to "release him on bond" with conditions. It was only after Mr. Swiger requested credit for that time (following the affirmance of his conviction and the denial by our state Supreme Court of further review) that the issue of whether he was entitled to credit for time served while on release was ripe for review. The State then objected, filed a brief, and has appealed the court's grant of credit for time served while Mr. Swiger was on release.

¶21 Mr. Swiger was not eligible for home detention because he was convicted of a violent offense. Former RCW 9.94A.185. The ruling appealed from is the court's order allowing Mr. Swiger credit for the time he spent on release while his appeal was pending. The court has discretion to release a convicted defendant pending appeal on conditions. RAP 7.2(f). There was then no need for the State to appeal the court's original determination. And the State's musings on the record of a potential problem do not change that. We conclude that the State timely objected and properly preserved the question for review.

¶22 We therefore reverse the order of the trial court granting Mr. Swiger credit for the time he spent on release pending this appeal.

KATO, C.J., and SCHULTHEIS, J., concur.

Review granted at 157 Wn.2d 1017 (2006).