[No. 55675-4-I.   Division One.   November 28, 2005.]

REUEL ROBERTSON ET AL., *Appellants*, v. THE WASHINGTON
STATE PARKS AND RECREATION COMMISSION ET AL.,
*Respondents*.

*J. Richard Aramburu* and *Jeffrey M. Eustis* (of *Law Offices of J. Richard Aramburu*), for appellants.

*Robert M. McKenna, Attorney General,* and *Barbara Herman, Assistant,* and *Stephen A. Smith* (of *Preston Gates & Ellis, L.L.P.*), for respondents.

¶1 AGID, J. — Appellants petitioned the trial court for review of a land exchange between the Washington State Parks and Recreation Commission (Commission) and a private landowner, but the trial court found that the Washington Administrative Procedure Act (APA), chapter 34.05 RCW, precluded judicial review. Because the APA excludes from judicial review agency decisions to acquire real estate by *any* means and an exchange is a means of acquisition, we affirm.

## FACTS

¶2 On October 14, 2004, the Commission approved an exchange of 66 acres of state-owned park land (Raccoon Point) for 102 acres owned by Allen D. Wilcox and Connie R. Collingsworth (Wilcox parcel).[1] Both parcels are on Orcas Island. Reuel Robertson, his wife Christine Upchurch, Kevin Sloan, and Jeff Ludwig (collectively, Robertson) disputed the valuation of Raccoon Point and filed a petition for

---

[1] We refer to the land exchange as the "Wilcox exchange."

4

review of the Commission's decision under the APA.[2] The Commission, joined by Wilcox, filed a motion to dismiss for lack of subject matter jurisdiction[3] and failure to state a claim upon which relief could be granted[4] because the APA exempted its decision from judicial review. San Juan County Superior Court granted the motion, and Robertson now appeals.

## DISCUSSION

¶3 Only "agency action" is reviewable under the APA.[5] Robertson argues that the Commission's approval of the Wilcox exchange constitutes agency action.[6] The Commission asserts that under either RCW 34.05.010(3)(a) or (c), the APA excludes from the definition of "agency action" its approval of the Wilcox exchange. RCW 34-.05.010(3)(a) excludes from "agency action" decisions about "the purchase, lease, or acquisition by any other means, including eminent domain, of real estate, as well as all activities necessarily related to those functions . . . ." Robertson contends that a land exchange is not a purchase or simple acquisition of real estate and therefore RCW

---

[2] State park land may be exchanged only "for other lands of equal value." RCW 79A.05.175. The State valued Raccoon Point at $561,000 and the Wilcox parcel at $591,000. But Robertson contends Raccoon Point was improperly valued based on highest and best use of open space rather than residential development. Robertson and Upchurch own property adjacent to Raccoon Point, and Sloan and Ludwig are residents of Orcas Island and frequently use Raccoon Point.

[3] CR 12(b)(1).

[4] CR 12(b)(6).

[5] *See* RCW 34.05.510 ("This chapter establishes the exclusive means of judicial review of agency action . . . ."); *Wash. Educ. Ass'n v. Wash. State Pub. Disclosure Comm'n*, 150 Wn.2d 612, 617, 80 P.3d 608 (2003) ("The Administrative Procedure Act (APA) provides for judicial review of agency action to determine if the action is '[u]nconstitutional; [o]utside the statutory authority of the agency or the authority conferred by a provision of the law; [a]rbitrary or capricious; or [t]aken by persons who were not properly constituted as agency officials lawfully entitled to take such action.'" (alterations in original) (quoting RCW 34.05.570(4)(c)(i)--(iv))).

[6] "'Agency action' means licensing, the implementation or enforcement of a statute, the adoption or application of an agency rule or order, the imposition of sanctions, or the granting or withholding of benefits." RCW 34.05.010(3). The Commission does not dispute that its decision to exchange land involved implementing a statute, RCW 79A.05.175, that governs the disposal of park land.

34.05.010(3)(a) does not apply. The Commission counters that the land exchange constitutes either a "purchase" or "acquisition by any other means" of real estate.

¶4 An appellate court interprets a statute de novo.[7] Our primary objective is to ascertain and carry out the legislature's intent, and if the statute's meaning is plain on its face, we must give effect to that plain meaning as an expression of legislative intent.[8] We derive a statute's plain meaning from the language of the statute as a whole and related statutes that reveal legislative intent about the specific provision at issue.[9] Only if the statute is ambiguous do we look to construction aids such as legislative history.[10] A statute is ambiguous when it is susceptible to more than one meaning or reasonable interpretation.[11] We interpret a statute to give effect to every word and phrase.[12] Ordinarily, courts are to interpret the definition of "agency action" broadly and construe its exceptions narrowly.[13] But where, as here, the statutory language is clear and explicit, we need not interpret or construe it, so this rule does not apply.[14]

¶5 The plain language of RCW 34.05.010(3)(a) indicates that the legislature intended the exception to be broad because it exempts from judicial review real estate

---

[7] *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002) (citing *State v. Breazeale*, 144 Wn.2d 829, 837, 31 P.3d 1155 (2001); *State v. J.M.*, 144 Wn.2d 472, 480, 28 P.3d 720 (2001)).

[8] *Campbell & Gwinn*, 146 Wn.2d at 9-10 (citing *J.M.*, 144 Wn.2d at 480).

[9] *Id.* at 11.

[10] *Id.* at 12 (citing *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 808, 16 P.3d 583 (2001); *Timberline Air Serv., Inc. v. Bell Helicopter-Textron, Inc.*, 125 Wn.2d 305, 312, 884 P.2d 920 (1994)).

[11] *Muckleshoot Indian Tribe v. Dep't of Ecology*, 112 Wn. App. 712, 720, 50 P.3d 668 (2002) (citing *Wash. Fed'n of State Employees v. State Pers. Bd.*, 54 Wn. App. 305, 309, 773 P.2d 421 (1989)), *review denied*, 150 Wn.2d 1016 (2003).

[12] *State v. Argueta*, 107 Wn. App. 532, 538, 27 P.3d 242 (2001) (citing *State v. Rodman*, 94 Wn. App. 930, 932-33, 973 P.2d 1095 (1999)).

[13] *Muckleshoot*, 112 Wn. App. at 722.

[14] *HJS Dev., Inc. v. Pierce County*, 148 Wn.2d 451, 471-72, 61 P.3d 1141 (2003).

acquisitions by *any means*.[15] The dictionary defines "acquisition" as "the act or action of acquiring," and "acquire" means "to come into possession, control, or power of disposal . . . ."[16] The Commission "came into possession" of the Wilcox parcel by exchanging it for Raccoon Point. Thus, it was an "acquisition by any other means" under the statute.

¶6 And the plain meaning of "acquisition," as its use in other statutes dealing with government acquisitions of real estate demonstrates, supports the conclusion that the legislature considers an exchange of real estate to be a means of acquisition. RCW 79.36.310 authorizes the Department of Natural Resources to acquire property interests to access state lands: "the department is authorized to acquire such property or the use of such roads by gift, purchase, *exchange*, or condemnation . . . ."[17] RCW 79.24.520 authorizes the state capitol committee to "acquire" property for development as state capitol grounds "by gift, *exchange*, purchase, option to purchase, condemnation, or any other means of acquisition not expressly prohibited by law."[18] And RCW 36.34.340 authorizes counties and cities to acquire real property for various purposes: "Any county or city may acquire by purchase, gift, devise, bequest, grant or *exchange*, title to or any interests or rights in real property . . . ."[19] These statutes demonstrate that in the context of acquiring property interests, the legislature regards an exchange as a means of acquisition.[20]

---

[15] The term "any" is used to broaden, not narrow, a statute's scope. *Rettkowski v. Dep't of Ecology*, 128 Wn.2d 508, 515-16, 910 P.2d 462 (1996). The word "any" in a statute means "every" and "all." *State v. Westling*, 145 Wn.2d 607, 612, 40 P.3d 669 (2002) (citing *State v. Smith*, 117 Wn.2d 263, 271, 814 P.2d 652 (1991)).

[16] WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 18-19 (1993).

[17] (Emphasis added.)

[18] (Emphasis added.)

[19] (Emphasis added.)

[20] In his petition for judicial review, Robertson appears to understand that an exchange is a means of acquisition: "These additional respondents own the lands adjacent to Moran State Park that the Parks Commission has approved *to acquire in exchange* for lands at Raccoon Point State Park." (Emphasis added.) Although it does not affect the outcome of the case, we note that the Commission's

¶7 By excluding from judicial review agency decisions about *any* real estate acquisitions, the legislature deliberately made the exception as broad as possible. If we do not include exchanges within the exception, we would impermissibly narrow RCW 34.05.010(3)(a) because we would have to ignore the "acquisition by any other means" language.[21] Had the legislature intended that exchanges be reviewed under the APA, it would have excluded them from the definition of "acquisition." Instead, it used the broadest possible language to define the exemption. The Commission's approval of the Wilcox exchange is a decision about acquisition of real estate and is not considered "agency action."

¶8 Further, although as Robertson points out, an exchange is technically both an acquisition and a disposal of land, it is also only one transaction, and we cannot bifurcate it absent legislative direction to do so.[22] Had the legislature intended that the courts perform such an unusual analysis—reviewing each component of an exchange separately to determine whether it could be reviewed under the APA—it would have said so.[23] We are cognizant of Robertson's contention that the requirements for exchanges under other statutes provide better safeguards, but the procedural requirements for park land acquisitions, including exchanges, also provide adequate safeguards. RCW 79A-.05.175 requires that the Commission evaluate all land considered for exchange to determine its adaptability to

---

argument, that an exchange is a purchase, is not well taken because the three statutory provisions quoted above clearly distinguish a "purchase" from an "exchange."

[21] *See Argueta*, 107 Wn. App. at 538.

[22] Thus, we do not reach the question whether the Commission's approval of the Wilcox exchange was a "proprietary decision in the management of public lands . . . ." *See* RCW 34.05.010(3)(c) (excluding from the definition of agency action "any sale, lease, contract, or other proprietary decision in the management of public lands or real property interests").

[23] We interpret a statute in the manner that "best advances the legislative purpose and avoids unlikely, absurd, or strained consequences." *Thurston County v. City of Olympia*, 151 Wn.2d 171, 175, 86 P.3d 151 (2004) (citing *State v. Fjermestad*, 114 Wn.2d 828, 835, 791 P.2d 897 (1990)).

8

park usage, that the equal value of all lands exchanged be determined by appraisals to the satisfaction of the Commission, and that all exchanges be unanimously approved by the Commission. RCW 79A.05.180 requires public notice, a public hearing with an opportunity for testimony, a news release about the hearing, and the commissioners' consideration of testimony in reviewing the proposed exchange. These are sufficient safeguards to protect against exchanges that violate the law.[24] The legislature clearly intended to allow the Commission broad discretion to determine how and when to acquire and dispose of land so long as it follows the statute's procedural requirements. We cannot interfere with the proper exercise of that discretion.

¶9 We affirm.

APPELWICK, A.C.J., and ELLINGTON, J., concur.

Review denied at 158 Wn.2d 1101 (2006).

[Nos. 31997-7-II; 32727-9-II;   Division Two.   July 25, 2006.]
      32603-5-II.

---

[24] If an exchange fails to substantially comply with these requirements, it may be declared invalid by a court. RCW 79A.05.180. Robertson does not allege a violation of RCW 79A.05.180.