[No. 12924-1-III.   Division Three.   October 11, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. RAMIRO C. VASQUEZ, *Appellant.*

*Mark C. Prothero* and *Pat Stiley & Associates, P.S.,* for appellant.

*John D. Knodell, Prosecuting Attorney,* for respondent.

SWEENEY, J. — Ramiro C. Vasquez was released pending trial on cocaine and marijuana possession charges. He contends the conditions of his release constitute partial home confinement entitling him to credit for that time against his sentence. We affirm.

## FACTS

Mr. Vasquez was charged with possession of cocaine with intent to deliver within 1,000 feet of a school ground and possession of under 40 grams of marijuana. After spending 10 days in jail, he was released on November 15, 1991, pending trial. Included in the conditions of release were the requirement that he live at a certain address in Moses Lake and that he not change his address without permission of the court. He was also prohibited from going outside his residence before 6 a.m. or after 6 p.m. on work days and from leaving the house at all during nonwork days. He was subject to occasional unannounced visits by police officers to verify compliance with the order. Mr. Vasquez, however, was not monitored electronically while on home release.

Mr. Vasquez complied with all conditions of his home release. On December 11, 1992, he entered an *Alford*[1] plea to the charge of possession of cocaine with intent to deliver. The court imposed a 21-month standard range sentence and refused to credit time served on home release.

## DISCUSSION

Mr. Vasquez is entitled to credit for all confinement served before sentencing. RCW 9.94A.120(14). He makes a compel-

---

[1]*North Carolina v. Alford,* 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970).

ling argument that his diligent compliance with the conditions of home release renders this pretrial release the functional equivalent of "confinement" and he should therefore be entitled to credit against his sentence. Unfortunately (and perhaps unfairly), the statute at issue does not accommodate the argument.

Former RCW 9.94A.030 provided unambiguous guidelines for presentence home detention:

> (8) "Confinement" means total or partial confinement as defined in this section.
>
> . . . .
>
> (23) "Partial confinement" means confinement for no more than one year in a facility or institution operated or utilized under contract by the state or any other unit of government, or, if home detention or work crew has been ordered by the court, in an approved residence, for a substantial portion of each day with the balance of the day spent in the community. Partial confinement includes work release, home detention, work crew, and a combination of work crew and home detention as defined in this section.
>
> . . . .
>
> (36) "Home detention" means a program of partial confinement available to offenders wherein the offender is confined in a private residence *subject to electronic surveillance.*[2]

(Italics ours.)

■■ RCW 9.94A.120(14) requires a sentencing court to credit all presentence detention time. *State v. Speaks*, 119 Wn.2d 204, 209, 829 P.2d 1096 (1992). The detention time which qualifies for credit is also clear. With respect to "home detention", it includes only confinement "subject to electronic surveillance". There is no room therefore for judicial interpretation. *Speaks*, at 209.[3]

---

[2]At the time Mr. Vasquez was given conditional home release, the provisions of current RCW 9.94A.030(40) were codified at RCW 9.94A.030(36).

[3]The court noted further:
"As we have said many times and in many contexts, it is not the function of the judiciary to question the wisdom of legislation; unless a statute has some constitutional impediment, we will not inquire into the policies underlying a clear statutory enactment." *Speaks*, at 209. Although at the sentencing hearing Mr. Vasquez indicated the extra cost of electronic surveillance would have been an economic burden on his family, possibly raising an equal protection issue, this issue was not raised on appeal.

Mr. Vasquez was not electronically monitored during his home release; he therefore was not under home detention as defined by former RCW 9.94A.030(36).

Affirmed.

THOMPSON, C.J., and SCHULTHEIS, J., concur.

Review denied at 126 Wn.2d 1005 (1995).