[No. 41519-1-I.   Division One.   January 20, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE COLE, *Appellant.*

*Michael P. Iaria*, for appellant.

*David S. McEachran, Prosecuting Attorney*, for respondent.

PER CURIAM — George Cole was convicted of third degree rape and sentenced to 11 months in jail. The trial judge denied his motion for stay of execution of the sentence and release pending appeal. Cole objects to the trial court's decision and asks this court to release him on his own recognizance.[1] Because the rules governing release pending appeal need clarification in a published decision, the motion was referred to a panel for resolution. Finding no abuse of discretion, we deny the motion for release.

The trial court denied release pursuant to RCW 9.95.062, which reads in pertinent part as follows:

(1) Notwithstanding CrR 3.2 or RAP 7.2, an appeal by a defendant in a criminal action shall not stay the execution of the judgment of conviction, if the court determines by a preponderance of the evidence that:

. . .

b) The delay resulting from the stay will unduly diminish the deterrent effect of the punishment[.]

---

[1]RAP 8.2(b) provides: "A party may object to a trial court decision relating to release of a defendant or a juvenile, or relating to a stay of execution of sentence, during a review of a criminal case or a juvenile offense proceeding by motion in the appellate court."

Cole contends that this court should independently review the record and make a de novo determination on the question of release. We disagree. There is no right to release pending appeal.[2] Rather, trial courts have broad discretion in deciding whether to release a defendant pending appeal.[3]

CrR 3.2(f) was amended in 1989, making release subject to the provisions of RCW 9.95.062, which set limits on the trial court's discretion. The purpose of the amendment and statute is to limit a trial court's discretion, not to broaden a defendant's access to release. The statute *precludes* release if any of the factors set forth are found by the trial court.[4] Whether a stay would unduly diminish the deterrent effect of punishment in a particular case is traditionally a question for the trial court to decide, and its decision is reviewed only for abuse of that discretion.[5]

Here, the trial court found that release pending appeal would unduly diminish the deterrent effect of the punishment. Cole's offense was committed in April 1996. He was not sentenced until October 1997, at which time the court also denied release pending appeal. The court's determination that further delay would diminish the deterrent effect of punishment is a reasonable exercise of discretion. The trial court is entitled to find that the longer punishment is deferred, the weaker the link between the offense and the punishment and, hence, the weaker the deterrent effect. Judges have traditionally made discretionary determinations regarding the deterrent effect of a particular sentence or release pending appeal.

The trial judge presided over the three-week trial, was familiar with the evidence, and had the opportunity to observe appellant. He was therefore in the best position to

---

[2]*State v. Blilie*, 132 Wn.2d 484, 493, 939 P.2d 691 (1997); *State v. Smith*, 84 Wn.2d 498, 499, 527 P.2d 674 (1974).

[3]CrR 3.2(f); *State v. Smith*, 84 Wn.2d at 503, 505.

[4]In 1996, the Legislature amended the statute to impose further restrictions, not relevant here, on the court's authority to order release pending appeal.

[5]*State v. Blilie*, 132 Wn.2d at 493; *State v. Smith*, 84 Wn.2d at 501-03.

determine whether release would diminish the deterrent effect of the punishment. The factual finding is obviously one that can be made only upon consideration of the entire record and the opportunity to observe the defendant. There is nothing in this record to suggest that the trial court's finding was erroneous.

Cole takes exception to the trial judge's remarks that the 11-month sentence is very short and that it would be best for him and for the victim to put this case behind them. Although we do not necessarily agree that the comments were inappropriate, the judge said those reasons did not enter into his decision to deny Cole the requested release. Cole also argues that his disbarment, the approbation of his family, and the pending civil suit obviate the need to use immediate incarceration as a deterrent. The Legislature, in passing the sentencing reform act, has determined that punishment is the most effective form of deterrence.[6] The trial judge did not err in rejecting Cole's argument.

The trial court's ruling was well within its discretion. We affirm.

---

[6]*State v. Estrella*, 115 Wn.2d 350, 357-58, 798 P.2d 289 (1990); *State v. Pennington*, 112 Wn.2d 606, 611, 772 P.2d 1009 (1989) (citing DAVID BOERNER, SENTENCING IN WASHINGTON § 2.5, at 2-31 (1985)).