[No. 78097-8.    En Banc.]

Argued November 9, 2006.    Decided December 21, 2006.

THE STATE OF WASHINGTON, *Respondent*, v. JOHN L. SWIGER, *Petitioner*.

*Paul J. Wasson II*, for petitioner.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

¶1 OWENS, J. — Petitioner John Swiger seeks credit for time served while released on postconviction global positioning system (GPS) home monitoring pending appeal. We hold that Swiger is entitled to credit for time served. Accordingly, we reverse the Court of Appeals and remand to superior court for recalculation of Swiger's sentence.

## FACTS

¶2 Following a jury trial and conviction for first degree assault, the Spokane County Superior Court sentenced Swiger to 93 months in the state penitentiary.[1] Swiger appealed his conviction and asked the superior court to

---

[1] Swiger's case has a protracted procedural history. The State originally convicted Swiger of first degree assault in 1997 for assaulting and severely injuring Jeffrey Feagan on October 14, 1995. Clerk's Papers (CP) at 2, 6, 9; *see also State v. Swiger*, noted at 101 Wn. App. 1014, 2000 Wash. App. LEXIS 906. Subsequently, Swiger brought a motion for a new trial and appealed his conviction. In 1999, the superior court granted Swiger a new trial. CP at 19. In 2000, the Court of Appeals affirmed the superior court's order granting Swiger a new trial. *Swiger*, 2000 Wash. App. LEXIS 906.

release him pending his appeal and for an order setting an appeal bond. The court continued a previous bond of $150,000 and granted Swiger's requested release, noting that (1) Swiger had previously complied with the conditions of his pretrial release; (2) his family had offered their house as security; (3) the crime occurred more than seven years ago, and Swiger had not committed any further crimes of violence since then; (4) he would be closely monitored; and (5) he had already served one year of his sentence and was unlikely to flee. Verbatim Report of Proceedings (VRP) at 12-14; *see also* Clerk's Papers (CP) at 46-47 (Order of Release Pending Appeal). The superior court then found, by clear and convincing evidence, that Swiger did not pose any danger to the safety of others in the community.

¶3 The superior court's order of release pending appeal imposed several conditions upon Swiger: (1) that he was to stay at his residence except when he was working for his family's logging business; (2) that he would submit to GPS monitoring, which the court noted was "far better than electronic home monitoring"; (3) that he pay the cost of the GPS monitoring (approximately nine dollars a day); (4) that he commit no violations of law; (5) that he not consume alcohol or drugs; and (6) that he have no contact with the victim or witnesses. CP at 46-48; VRP at 15, 24. Although the State objected to Swiger's release, arguing that release was not available for a violent crime, it did not appeal the matter. VRP at 6 ("I would point out electronic monitoring is not available for crimes of violence. And I realize that it's looked at as a condition of release, but I'm sure we are going to be sitting here fighting about whether or not he is in custody.").

¶4 The Court of Appeals affirmed Swiger's conviction. Subsequently, the superior court gave Swiger credit for time served while on GPS monitoring upon Swiger's request.[2] The State appealed. The Court of Appeals reversed, finding that Swiger was not entitled to credit for time

---

[2] Swiger spent over a year and a half on GPS monitoring. The superior court released Swiger on October 31, 2002. Swiger remained on GPS monitoring until

served while released pending appeal because the State did not "acquiesce" to Swiger's release. *State v. Swiger*, 130 Wn. App. 222, 230, 122 P.3d 755 (2005). Swiger petitioned this court for discretionary review.

## ISSUE

¶5 Is Swiger entitled to credit for time served while on GPS home monitoring pending appeal?

## ANALYSIS

¶6 *Standard of Review.* This court reviews questions of law de novo. *State v. Watson*, 155 Wn.2d 574, 578, 122 P.3d 903 (2005).

■ ¶7 *Credit for Time Served on Posttrial Release.* Under RCW 9.95.062,[3] a trial court may, in its discretion, stay the execution of a defendant's sentence and release the defendant pending appeal. The trial court may also impose conditions upon the defendant's release, including electronic home monitoring or its equivalent. RCW 9.95.064. If the conditions of release amount to "home detention" under RCW 9.94A.030,[4] the defendant is entitled to receive credit against his sentence for the time spent on home detention pending appeal. *State v. Anderson*, 132 Wn.2d 203, 212-13, 937 P.2d 581 (1997).

¶8 The right to receive credit for time spent on postconviction electronic home detention is not statutory. Although Washington's Sentencing Reform Act of 1981

June 3, 2004. The record is devoid of any indication that Swiger violated any of the conditions of release.

[3] Although since recodified, or in some instances marginally altered, the law in existence at the time Swiger committed his crime and applicable to his case is substantially the same today and carries the same import as it did in 1995. Thus, this opinion cites to the current versions of the statutes for purposes of clarity.

[4] " 'Home detention' " is "a program of partial confinement available to offenders wherein the offender is confined in a private residence subject to electronic surveillance." RCW 9.94A.030(27). This court has previously held that electronic home monitoring constitutes home detention. *State v. Speaks*, 119 Wn.2d 204, 208-09, 829 P.2d 1096 (1992).

(SRA), chapter 9.94A RCW, mandates that defendants receive credit against their sentence for time served under *pretrial* electronic home detention, it does not mandate credit for posttrial electronic home detention. *See* RCW 9.94A.505(6) (granting defendants credit for "all confinement time served before the sentencing"); *see also State v. Speaks*, 119 Wn.2d 204, 208-09, 829 P.2d 1096 (1992) (holding that electronic home monitoring constitutes confinement under the SRA). However, in *Anderson*, this court held that the equal protection clause requires defendants under *posttrial* electronic home monitoring to likewise receive credit for time served. 132 Wn.2d at 213. The *Anderson* court determined that there was no rational basis to treat defendants under pretrial electronic detention differently from defendants under posttrial electronic detention. *Id.*

¶9 The facts in *Anderson* are directly analogous to the case at hand. In *Anderson*, the trial court released the defendant on electronic home detention and a $35,000 bail bond pending appeal of his attempted second degree murder conviction. *Id.* at 205. The Court of Appeals affirmed his conviction three years later, and the trial court refused the defendant's request for credit. On appeal, the Court of Appeals granted the defendant credit for time served. The court dismissed the State's argument that the defendant should not receive credit because the SRA does not allow home detention for violent offenders.[5] In dismissing the State's argument, the court reasoned that

> [d]espite this, the State apparently acquiesced in the trial court's releasing Defendant to home detention pending his appeal. Whether it was proper to place Defendant on home detention is an entirely separate issue not before this court. Defendant *did* spend three years on electronic home detention. Having spent the time in detention, Defendant is entitled to credit under the Equal Protection Clause.

*Id.* at 213.

---

[5] Under the SRA, a trial court may not impose home detention if an offender has been convicted of a violent offense. RCW 9.94A.734(1)(a).

¶10 In the instant case, the Court of Appeals found that Swiger's GPS monitoring constituted home detention and that Swiger was confined for purposes of RCW 9.94A.030. Nonetheless, the court held that Swiger was not entitled to credit because the State did not "acquiesce" to Swiger's release. *Swiger*, 130 Wn. App. at 230. The court held that unlike *Anderson* and *Speaks*, the State objected to Swiger's release pending appeal on the basis that he was not entitled to home detention because of his conviction for a violent crime. *Id.* ("The distinguishing factor between the *Speaks* and *Anderson* cases and Mr. Swiger's case is the State's acquiescence."). It thus denied Swiger credit for the year and a half spent on home detention.

¶11 As a threshold matter, we hold that Swiger's release on GPS home monitoring pending appeal meets the definition of home detention under RCW 9.94A.030(27) (defining home detention as confinement "in a private residence subject to electronic surveillance"). This court has previously held that release on bond pending appeal under conditions of electronic monitoring constitutes home detention. *Anderson*, 132 Wn.2d at 205-08. The State, however, argues that Swiger's monitoring allowed him to leave his residence to go to work and thus does not constitute home detention. This argument is without merit. In *Speaks*, this court found that the defendant was on home detention when he wore an ankle monitor and was restricted to his house and work or travel between the two locations. 119 Wn.2d at 207-08. The conditions in this case are substantially similar—the trial court restricted Swiger's movement to his residence or his work, which included driving a truck. The State presents no viable argument why Swiger's GPS home monitoring does not constitute home detention. Thus, we hold that Swiger was on home detention.

¶12 We further hold that Swiger is entitled to credit for the time he spent on postconviction home detention, regardless of the State's objection to his release. We disagree with the Court of Appeals' interpretation of *Anderson* and

*Speaks* to require the State's acquiescence. In *Anderson*, the court did not hold that a defendant may receive credit for time served only when the State acquiesces to home detention; rather, the court held that because the defendant spent time on home detention, he should receive credit. 132 Wn.2d at 213 ("Defendant *did* spend three years on electronic home detention. Having spent the time in detention, Defendant is entitled to credit under the Equal Protection Clause."). We likewise disagree with the Court of Appeals' reading of *Speaks* to require the State's acquiescence. The *Speaks* court granted the defendant credit for time served after finding that the legislature required defendants to receive credit for all time spent in confinement. 119 Wn.2d at 209 ("Since the legislatively enacted SRA provides credit for 'all' confinement, and since confinement includes partial confinement, and partial confinement includes home detention, it is evident that the Legislature intended to afford a defendant credit for time served on home detention prior to sentencing."). In *Speaks*, this court mentioned the prosecution's agreement to the defendant's release only in explaining the factual history of the case. *Id.* at 205. We thus conclude that the State's acquiescence is not a necessary prerequisite to a defendant's award of credit for time served on home detention.

¶13 The actual quandary in the instant case stems not from the State's acquiescence or lack thereof but from the legislatively created discord between the SRA and RCW 9.95.062. Under RCW 9.95.062(1)(a), a court may release a defendant to posttrial electronic home monitoring, regardless of whether the defendant has a violent conviction, so long as the court is satisfied that the defendant does not pose a risk to the public.[6] Conversely, under the more recently enacted SRA, a court may not release a pretrial

---

[6] Whether or not the trial court properly released Swiger on home detention is not before the court. The State had two viable methods to challenge Swiger's *release* pending appeal. Under RAP 8.2(b), the State could have filed a motion in Swiger's criminal appeal case objecting to the trial court's decision to release Swiger pending appeal. The State could also have arguably filed a cross appeal challenging Swiger's release. *See* RAP 5.1(d). Under either procedural avenue, the reviewing court would apply an abuse of discretion standard to the trial court's

defendant on home detention if the defendant has a violent conviction. RCW 9.94A.734(1)(a). Here, Swiger's release pending appeal did not fall under the SRA's provisions. Rather, the trial court released Swiger under RCW 9.95.062 and imposed conditions that amount to home detention under the SRA. We hold that until and unless the legislature acts otherwise, courts must provide defendants properly released under RCW 9.95.062 with credit for time served on home detention pending appeal. As in *Anderson*, Swiger did spend more than a year and a half on home detention. Having spent the time, Swiger is entitled to receive credit for time served.

## CONCLUSION

¶14 We reverse the Court of Appeals' holding and remand to the superior court to enter a proper judgment and sentence reflecting Swiger's credit for time served while released on home detention pending appeal.

ALEXANDER, C.J., and C. JOHNSON, MADSEN, SANDERS, BRIDGE, CHAMBERS, FAIRHURST, and J.M. JOHNSON, JJ., concur.

[No. 76900-1.   En Banc.]
Argued February 7, 2006.      Decided December 28, 2006.

---

decision to release Swiger under RCW 9.95.062. *State v. Cole*, 90 Wn. App. 445, 447, 949 P.2d 841 (1998) (holding that court reviews trial court's decision to release a defendant for abuse of discretion).