IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 83721-4-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| | UNPUBLISHED OPINION |
| HUSSEIN SALIM ALI, | |
| Appellant. | |

SMITH, C.J. — RCW 9.94A.505(6) provides defendants credit for all time served in confinement on a criminal charge, regardless of whether that time is served before or after sentencing. Hussein Ali was charged with two counts of first degree child molestation and agreed to a stipulated bench trial on documentary evidence. Before trial, Ali absconded from the United States and was eventually apprehended in the Netherlands. Ali was held in custody in the Netherlands while he contested extradition but once extradited, the trial court refused to grant Ali credit for his time served in confinement abroad. It also indicated its intention to waive all discretionary fees because Ali is indigent, but it failed to do so in the written sentence. We conclude the court erred in not granting Ali credit for time served and in failing to waive discretionary fees in the written sentence and remand.

FACTS

Hussein Ali was charged with two counts of first degree child molestation in 2017. Ali waived his right to a jury trial and stipulated in December 2017 to a bench trial on agreed documentary evidence. The court accepted the stipulation and continued the bench trial until March 1, 2018.

Ali fled the country before his trial date and the court issued a warrant for his arrest. Ali was eventually apprehended in the Netherlands in June 2019 and held in custody for over two years while he contested extradition proceedings. In November 2021, following several appeals, the Dutch Supreme Court issued a final ruling in support of extradition and Ali was extradited back to the United States. At a warrant return hearing in November 2022, the State added a third charge—third degree assault of a child.

At his bench trial in February 2022, Ali pleaded guilty to all three charges. The court followed the parties' agreed recommendation and sentenced Ali to concurrent indeterminate sentences of 96 months to life on each of the two first degree child molestation counts. The court also imposed lifetime community custody on those counts, 12 months community custody for the third degree assault of a child count, and mandatory legal financial obligations (LFOs). The court stated its intent to waive all discretionary fees at Ali's sentencing hearing. The written judgment and sentence, however, nonetheless imposed community custody supervision fees.

Ali requested 901 days credit for the time he spent in custody in the Netherlands. The court refused to grant this request. It explained:

> I can't find the logic or the justice or the common sense to give somebody credit for being in custody in another nation while fighting extradition to the United States.
>
> . . .
>
> I'm not going to give him credit for his extradition proceedings. He was on the run for 1,345 days. He spent 902 of those days in custody in the Netherlands. He was enjoying himself and living a life, presumably, for 443 of those days or doing something. I'm not giving him credit for the 902 days. I just don't think it's appropriate. I don't think it's right.

Ali appeals.

ANALYSIS

Ali raises two issues on appeal. He contests the trial court's refusal to provide him credit for time served in the Netherlands, asserting that he is entitled to credit for pre-sentence detention. He also contends that the court erred when it imposed community custody supervision fees on him in his judgment and sentence when it had previously indicated its intent to waive those fees. We agree with Ali and remand for entry of an amended judgment and sentence.

Credit for Time Served

Ali contends that he has a constitutional right and a statutory right, under RCW 9.94A.505(6), to credit for time served in the Netherlands. The State asserts that RCW 9.95.060 and RCW 9.94A.507(4) permit a court to deny credit for a serious sex offense and that there is no federal right to credit for time served. We conclude that Ali has a statutory right to credit and therefore decline to reach whether a constitutional right to credit exists.

3

RCW 9.94A.505(6) mandates that defendants receive credit for all time served in confinement on a criminal charge, whether that time is served before or after sentencing. State v. Enriquez-Martinez, 198 Wn.2d 98, 101, 492 P.3d 162 (2021). It provides that "[t]he sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced." RCW 9.94A.505(6). This right to credit includes time spent in custody in another jurisdiction so long as the detention time is solely in regard to the Washington offense. State v. Brown, 55 Wn. App. 738, 757, 780 P.2d 880 (1989). We review de novo a trial court's decision to award a defendant credit for time served. State v. Swiger, 159 Wn.2d 224, 227, 149 P.3d 372 (2006).

Here, the plain language of RCW 9.94A.505(6) requires that Ali receive credit for his time spent in confinement in the Netherlands. The statute does not specify where confinement occurs, only that it needs to be "solely in regard to the offense." In this case, it is undisputed that Ali's confinement in the Netherlands was solely because of his Washington charges.

Still, the State urges us to conclude that RCW 9.95.060 and RCW 9.94A.507(4) preclude Ali from receiving credit. But neither of those statutes is applicable here. RCW 9.95.060—which concerns when a sentence begins to run—applies only to convicted persons: "When a *convicted* person . . . . If such *convicted* person . . . .") (Emphases added). Ali had not yet been convicted when he fled the country. Likewise, RCW 9.94A.507(4)—which provides

4

guidelines for sentencing of sex offenders—concerns persons "sentenced" under subsection three of that section and requires they serve their sentence in a Washington State facility: "A person *sentenced* under subsection (3) . . ." (Emphasis added). Again, Ali had not yet been convicted and therefore had not been sentenced when he fled the country. RCW 9.94A.505(6) controls and mandates Ali receive credit for his time spent in confinement with regard to this offense.

Discretionary Supervision Fees

Ali asserts that the court waived all discretionary fees at sentencing and that the judgment and sentence erroneously ordered him to pay DOC supervision fees. The State concedes that the supervision fees should be stricken from the judgment and sentence.

Supervision fees are discretionary legal financial obligations (LFOs), waivable by the trial court. State v. Bowman, 198 Wn.2d 609, 629, 498 P.3d 478 (2021). It is procedural error for a court to impose a discretionary fee where it had otherwise agreed to waive such fees. Bowman, 198 Wn.2d at 629.

At sentencing, the court stated: "I'll order the $500 victim penalty assessment, the DNA fee, all other fines, fees, costs, and assessments waived." Though the court stated its intent to waive "all other fines, fees, costs, and assessments," the judgment and sentence did not reflect this decision. Because the court indicated its intent to waive discretionary fees on the record, the court

committed a scrivener's error by not waiving the fees in the judgment and sentence.

We remand for the trial court to credit Ali for time served in confinement in the Netherlands and to amend the judgment and sentence to strike discretionary fees.

Smith, C.J.

WE CONCUR:

Díaz, J.

Coburn, J.